## Paul Hesse, Plaintiff in Error, v. Robert Zaffke, Defendant in Error.

### Gen. No. 18,062.

1. DAMAGES, § 251*—*right of trial court to order a remittitur.* Unless a party in whose favor a verdict of a jury is rendered moves to remit therefrom, or consents thereto, the trial court can only grant a new trial or enter judgment on the verdict; the court cannot of its own motion order a remittitur.

2. JUDGMENT, § 629*—*when payment to clerk of court does not preclude rights of party recovering judgment.* Payment of the judgment and costs by the defendant to the clerk of the court cannot without plaintiff's acceptance thereof, defeat his rights in the case.

3. APPEAL AND ERROR, § 1782*—*when compelling remittitur, reversible error.* Action of trial court in entering an order of remittitur on its own motion, *held,* reversible error.

4. APPEAL AND ERROR, § 897*—*when evidence must be presented in transcript.* Where the evidence is in no form presented in the transcript of record, the merits of the case cannot be considered.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded with directions. Opinion filed November 3, 1913.

MYER LINKER, for plaintiff in error.

SHAEFFER & KOMPEL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

On a trial in the Municipal Court of Chicago the plaintiff in error, hereinafter called plaintiff, secured. a verdict of a jury against the defendant in error, hereinafter called defendant, for $297.95 for labor and material claimed to have been furnished the defendant by the plaintiff. The court of its own motion entered an order as follows: "It is ordered by the court that the plaintiff remit the sum of ninety-seven ($97.00)

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Hesse v. Zaffke, 183 Ill. App. 160.

dollars from the amount of the verdict entered in this cause,'' and thereupon denied the defendant's motion for a new trial and entered judgment against the defendant for $200. The action of the court in entering of its own motion the said order of remittitur is urged by the plaintiff as reversible error.

Unless a party in whose favor a verdict of a jury is rendered moves to remit therefrom, or consents thereto, the court can only grant a new trial or enter judgment on the jury's verdict. It seems to us that this rule of law is so well established in this State it needs no discussion. It may be observed that if a court of its own motion can by an order subtract from the amount fixed by the jury in its verdict, it would seem that by the same authority and power the court of its own motion could by an order add thereto.

The payment of the judgment and costs by the defendant to the clerk of the court cannot, without the plaintiff's acceptance thereof, defeat his rights in the case. The evidence is in no form presented in the transcript of record and the merits of the case cannot be determined. Even if the evidence were so presented, we fail to see how the defendant could avail himself thereof.

The judgment is reversed and the cause remanded with directions to either enter judgment on the verdict or grant a new trial in the cause.

*Reversed and remanded with directions.*